**Crystal MARTIN, Plaintiff,**

v.

**INHABITANTS OF THE CITY OF BIDDEFORD and Royal Marcoux, Defendants.**

**No. CIV.02–122–P–H.**

United States District Court, D. Maine.

May 16, 2003.

**36**

Cynthia A. Dill, South Portland, ME, for Crystal Martin, Plaintiff.

Harry B. Center, II, Smith, Elliott, Smith & Garmey, P.A., Saco, ME, Melissa Ann Coulombe Beauchesne, Michael E. Saucier, Thompson & Bowie, Portland, ME, for Inhabitants Of The City Of Biddeford and Royal Marcoux, Defendants.

### ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND RULING ON DEFENDANTS' MOTION IN LIMINE.

HORNBY, District Judge.

#### I. RECOMMENDED DECISION

The United States Magistrate Judge filed with the court on April 1, 2003, with copies to the parties, his Recommended Decision on Defendants' Motions for Summary Judgment. The defendant City of Biddeford (the "City") and the plaintiff filed objections to the Recommended Decision on April 11, 2003. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with all the recommendations of the United States Magistrate Judge, but differ with one of the reasons.

#### RETALIATION

On the plaintiff's claims of retaliation,[1] the City's argument for summary judgment is terse and conclusory: "Plaintiff's claims of retaliation ... are hollow and do not rise to the level of adverse employment action." The City provides no elaboration except case citations. City Mot. Summ. J. at 10 (Docket No. 13). The parenthetical descriptions of its case citations address

---

1. The plaintiff asserts claims of retaliation in Counts I (Title VII, 42 U.S.C. § 2000e, *et seq.*, and Maine Human Rights Act, 5 M.R.S.A. § 4551, *et seq.*), II (same), and IV (Family Medical Leave Act, 29 U.S.C. § 2614, *et seq.*, and Maine Family Medical Leave Requirements law, 26 M.R.S.A. § 843, *et seq.*) of the Amended Complaint.

several of the things (or comparable things) that the plaintiff alleges in her Amended Complaint: taking away a cell phone and a car; exhaustive list of perceived slights; and negative performance evaluation. City's Mot. Summ. J. at 10. Thus, it appears to be an argument that even if the plaintiff's claims are true, they do not furnish a basis for relief.

The plaintiff responds to the City's motion for summary judgment by referring to the specific acts of retaliation listed in paragraph 36 of her affidavit and claims that the cumulative effect of these actions rises to the level of adverse employment action. Pl.'s Opp'n Mot. at 7 (Docket No. 17).[2]

■■■ Assuming that the plaintiff needed to present facts in response to this part of the City's motion,[3] the plaintiff's direct citation in her legal memorandum to her affidavit is improper. Under Local Rule 56, the plaintiff should have referred in her memorandum to her opposing statement of material facts. There, paragraph 255 reproduces the same list of retaliatory actions as paragraph 36 of her affidavit. Pl.'s Resp. SMF ¶ 255 (Docket No. 19). There, she should have cited paragraph 36 of her affidavit as the record support for paragraph 255. Instead, paragraph 255 of the plaintiff's statement of material facts fails to cite any support, contrary to the requirement of Local Rule 56(c). In other words, the memorandum bypasses the Local Rule by referring directly to the evidentiary support (the affidavit) rather than the statement. To compound the confusion, the City purports to object to paragraph 255 in its reply to the plaintiff's opposing statement of material facts, but incorrectly states that paragraph 255 *does* contain a record citation as required by Local Rule 56(c) and (e). City Reply SMF ¶ 255 (Docket No. 26). Moreover, the City does not argue the plaintiff's incorrect citation of evidentiary support in its reply memorandum (it refers the reader to its reply statement of material facts), but, as the Magistrate Judge noted, improperly asserts a new legal basis for challenging the plaintiff's retaliation claims.

What is clear from the record, despite the blunders,[4] is that neither party was misled about the arguments or the supporting evidentiary submissions. I therefore disagree with the Magistrate Judge's ruling that the plaintiff should lose on her retaliation claims on account of technical deficiencies, and I choose to address the merits of the plaintiff's claim, the original thrust of the City's motion: whether the City's actions amounted to adverse employment action.

### (i) Title VII and MHRA Retaliation

■■■ In Counts I and II, the plaintiff alleges retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551, *et seq.* Title VII and the MHRA are interpreted using the same analytical framework. *Bishop v. Bell Atlantic Corp.,*

---

2. With respect to Count IV, the plaintiff responds to the City's motion for summary judgment by referring also to paragraphs 8, 13, 16, 17, 24, and 30 of her affidavit. Pl.'s Opp'n Mot. at 11. But only paragraph 36 (paragraph 13(j) mentions retaliatory actions included in paragraph 36) provides evidence of retaliatory conduct.

3. The City did not directly argue that the plaintiff had a burden under *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), to come forward with evidence. It did adopt the arguments of a codefendant's brief, which did make *Celotex* arguments.

4. It remains a mystery why the Local Rule continues to bedevil lawyers. It is supposed to clarify the summary judgment practice, not complicate it.

299 F.3d 53, 58 (1st Cir.2002); *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir.1996). In order to prove retaliation, the plaintiff must show that: (1) she engaged in protected conduct under Title VII (or here, the MHRA); (2) she experienced an adverse employment action; and (3) a causal connection exists between the protected conduct and the adverse action. *Gu v. Boston Police Dep't*, 312 F.3d 6, 14 (1st Cir.2002); *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 22 (1st Cir.2002).

An adverse employment action is one that "materially change[s] the conditions of plaintiffs' employ." *Gu*, 312 F.3d at 14 (citing *Blackie v. Maine*, 75 F.3d 716, 725 (1st Cir.1996)). "Material changes include 'demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees.'" *Id.* (quoting *Hernandez–Torres v. Intercontinental Trading, Inc.*, 158 F.3d 43, 47 (1st Cir.1998)). "Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." *Blackie*, 75 F.3d at 725. Minor slights or indignities, however, when compounded over time and considered collectively, may rise to the level of an adverse employment action. *See Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 48 (1st Cir. 1999) ("[O]therwise minor slights, relentlessly compounded, may become sufficiently 'adverse' to warrant relief ....") (Federal Credit Union Act claim); *see also Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir.2002) ("While the other actions of which [plaintiff] complains 'might not have individually risen to the level of adverse employment action under Title VII, when those actions are considered collectively, the total weight of them does constitute an adverse employment action.'") (quoting *Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1118 (11th Cir.2001)).

Here, the plaintiff complains of the following as retaliation: (1) her supervisor's treatment of her was very poor, including rolling her eyes at the plaintiff and whispering about her to others; (2) her supervisor demeaned her in the presence of co-workers by grabbing reports out of her hands, yelling at her, and hanging up the phone on her; (3) her supervisor made false and embarrassing statements to a colleague that the plaintiff had been "talking sex" with the chief of police; (4) her supervisor told her to "quiet down" or "find work to do" as if she were a child being scolded; (5) her supervisor humiliated her in front of a colleague by stating that she had "issues in her head"; (6) her fax machine was taken away; and (7) her cell phone was taken away. Pl.'s Resp. SMF ¶ 255.

Taking the facts in the light most favorable to the plaintiff, I find that the alleged retaliatory conduct, even if proven, does not constitute an adverse employment action. The plaintiff does not allege that she suffered any change in salary, benefits, job responsibilities, or other material terms and conditions of her job *after* she complained about the sexual harassment. Rather, she complains that her supervisor made demeaning, embarrassing, false, and humiliating remarks about her and to her and stripped her of her cell phone and personal fax machine. First, while the "'personal animus, hostility, disrespect, and ostracism' ... alleged here" certainly indicate that the plaintiff's workplace was not an idyllic retreat, they fail to constitute a material change in the terms, conditions, or privileges of the plaintiff's job. *Marrero*, 304 F.3d at 25 (intense supervision, probationary period in new post, lack

of invitation to departmental meeting, and snubbing by co-workers are insufficient) (quoting *Jones v. Fitzgerald,* 285 F.3d 705, 714 (8th Cir.2002)); *see also Jacob-Mua v. Veneman,* 289 F.3d 517, 522 (8th Cir.2002) (assignment of work not commensurate with employee's skills, issuance of inferior equipment, denial of request to attend seminar, and denial of timely promotion are not adverse employment actions); *Von Gunten v. Maryland,* 243 F.3d 858, 867–70 (4th Cir.2001) (withdrawing use of state vehicle, downgrading of performance review, reassignment of work, improper treatment of various administrative matters, and cumulative effect of allegedly retaliatory actions are not sufficient to support Title VII retaliation claim); *Hernandez–Torres,* 158 F.3d at 47 (increase of electronic messages outlining additional, onerous assignments and admonition on productivity do not rise to level of adverse employment action). Second, while the loss of her own fax machine and cell phone may have been an inconvenience to the plaintiff, it did not materially alter the conditions of her employment. *See, e.g., Veneman,* 289 F.3d at 522 (issuance of inferior equipment); *Von Gunten,* 243 F.3d at 867–70 (withdrawing use of state vehicle). It appears from the record that the plaintiff still had access to a telephone and a fax machine, enabling her to communicate as necessary for her job. *See, e.g.,* City SMF ¶ 64; Pl.'s Resp. SMF ¶ 64; Martin Aff. ¶ 13(d).

**5.** As the Eleventh Circuit noted in *Brungart v. BellSouth Telecomms., Inc.,* 231 F.3d 791, 798 n. 5 (11th Cir.2000), "[t]he statute itself uses the language of interference, restraint, denial, discharge, and discrimination, not retaliation. But nomenclature counts less than substance. And the substance of the FMLA provisions . . . is that an employer may not do bad things to an employee who has exercised . . . any rights under the statute."

**6.** In her objection to the City's motion, the plaintiff has limited her claim of retaliation to

**(ii) FMLA and MFMLR Law Retaliation**

■■ In Count IV, the plaintiff alleges retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2614, *et seq.,* and the Maine Family and Medical Leave Requirements law ("MFMLR"), 26 M.R.S.A. § 843, *et seq.* The parties agree that the legal analysis of claims made under these two statutes is the same. City Mot. Summ. J. at 16; Pl.'s Opp'n Mot. at 11. In order to prove retaliation under the FMLA,[5] the plaintiff must establish that she: (1) availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between the protected conduct and the adverse employment action. *Hodgens v. Gen. Dynamics Corp.,* 144 F.3d 151, 161 (1st Cir.1998). The City does not dispute that the plaintiff availed herself of a protected right under the FMLA when she took maternity leave. It contends, however, that she has not provided sufficient evidence to satisfy the second and third prongs of the test. City Mot. Summ. J. at 18. Using the same evidence cited in support of Counts I and II, the plaintiff maintains that the City retaliated against her after she complained to her supervisor about the failure to restore her to the same or an equivalent position following her protected leave.[6] Pl.'s Opp'n Mot. at

specific acts that occurred after she complained about her job duties not being restored. The plaintiff does not argue that the alleged change in her job responsibilities was itself an act of retaliation. The plaintiff therefore may still proceed on her claim that the City failed to restore her to the same or an equivalent position upon her return from maternity leave on the basis that its action was a direct violation of an FMLA requirement, but not under the retaliation claim. *See Watkins v. J & S Oil Co., Inc.,* 164 F.3d 55, 59–60 (1st Cir.1998).

11. For the same reasons discussed in analyzing the Title VII and MHRA claims, I find as a matter of law that the plaintiff's alleged acts of retaliation do not constitute adverse employment actions.

For the foregoing reasons, I therefore GRANT the City's motion for summary judgment on Counts I, II, and IV insofar as they assert claims of retaliation, and I ORDER that the Recommended Decision of the Magistrate Judge granting (i) Marcoux's motion for summary judgment and (ii) the City's motion for summary judgment on Counts I and II insofar as they assert claims under 42 U.S.C. § 1983, Count III, and Count V is hereby ADOPTED.

## II. DEFENDANTS' MOTION IN LIMINE

■ The defendants challenge the plaintiff's expert witness Sandra Cummings, an advanced practice registered nurse and board certified clinical specialist in adult psychiatric and mental health nursing, on the basis of *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 591, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The motion is DENIED. The expert may testify about her diagnosis and treatment of the plaintiff. The issues raised by the defendants are for cross-examination and the jury, as they go to the weight and credibility of the witness's testimony.

So ORDERED.